[No. 9,498. Department One.—August 22, 1884.]

## Q. A. DAY, RESPONDENT, v. H. COHN, APPELLANT.

SPECIFIC PERFORMANCE — PAROL CONTRACT FOR SALE OF LAND — PART PERFORM-
ANCE — STATUTE OF FRAUDS. — Possession of a lot of land under a parol contract
for the sale thereof, the expenditure of money in its improvement, and partial
payments of the purchase price, constitute part performance of the contract
which takes it out of the statute of frauds, and entitles the vendee to a specific
performance of the contract.

ID. — SUBSEQUENT PURCHASER WITH NOTICE — TRUST. — A subsequent purchaser
from the vendor, with notice of the agreement on the part of his grantor to convey
the title, holds the same in trust for the vendee, and is bound to convey it to
him upon payment of the balance of the purchase money due by the agreement.

ID. — STATUTE OF LIMITATIONS — POSSESSION BY VENDEE. — The equitable right of a
vendee in possession, under an executory contract for the sale of land, to a
specific performance, is not affected by the Statute of Limitations so long as he
does not abandon the contract.

ID. — PAYMENT OF PURCHASE MONEY — TIME WHEN NOT ESSENCE OF CONTRACT. —
ACQUIESCENCE IN DELAY. — No definite time was stated in the agreement for the
payment of the purchase money, but by the terms of the agreement, payments
were to be made from time to time as the money should be earned by the vendee.
*Held*, that time was not of the essence of the agreement, and that a failure to
make payments as the money was earned did not affect the rights of the vendee,
the vendor having acquiesced in the delay.

APPEAL from a judgment of the Superior Court of Butte
County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Reardan & Freer*, for Appellant.

*Park Henshaw*, for Respondent.

McKEE, J. — The contention that the decree in this case is
erroneous, because it is based upon conclusions of law not sup-
ported by the findings, and drawn from findings not sustained
by the evidence, is not maintainable.

The action was to enforce the specific performance of a parol
agreement to convey the legal title to a town lot.

The record of the case shows that the plaintiff proved the
agreement as averred in his complaint; that under the agree-
ment he entered into possession of the lot, by and with the con-
sent of his vendor, and expended several hundred dollars in
building upon it a dwelling-house and out-houses, which were
occupied by himself and his tenants; and that, during his occu-
pancy, he made occasional payments upon the purchase price of
the lot, which were accepted by the vendor on account, and the

balance he tendered and demanded his deed; and he still was ready and willing to pay what was due, but the defendant, to whom the lot had been conveyed by the vendor, refused to accept the money or to execute a deed.

Possession of a lot of land under a parol contract for the sale thereof, the expenditure of money in the improvement thereof, and partial payments of the price stipulated to be paid for it, constitute part performance of the contract, which takes it out of the statute of frauds (§ 1972, Code Civ. Proc.), and entitles the vendee to specific performance of the contract itself, unless there are circumstances in the case which would render it inequitable for a court of equity to grant relief.

There is nothing in the circumstances of the case which shows laches on the part of the plaintiff in the performance of the agreement. No definite time was named for the payment of the price to be paid. By the terms of the agreement the money was to be paid from time to time "as the plaintiff earned the same." Time, therefore, was not of the essence of the agreement, nor was it made so by notice or demand for the payment of the money at any particular time. The vendor was content to let it remain bearing interest, and he always accepted any payments which were made by the plaintiff in performance of the agreement. The last of such payments was made in 1881, two years before the commencement of the action in hand. There was, therefore, no repudiation or abandonment of the contract by the plaintiff; and as he was all the time, until the conveyance to the defendant, in the actual possession of the lot under the contract, his equitable right to compel performance of it was not barred by the Statute of Limitations. (*Love* v. *Watkins*, 40 Cal. 547; *Willis* v. *Wozencraft*, 22 Cal. 608; *Millard* v. *Hathaway*, 27 Cal. 119.)

When the defendant obtained the title to the lot by the deed from his grantor, he took it with notice of the agreement on the part of his grantor to convey the title to the plaintiff. He therefore held the same in trust for the plaintiff, and was bound to convey it to him upon payment of the balance of the purchase money due upon the agreement.

There was no prejudicial error in the refusal to admit testimony to prove that the plaintiff had several times "earned the

money," and was able to pay, but unreasonably delayed payment. The vendor acquiesced in the delay, and waived any default caused by it. He never claimed to make non-payment the basis of a forfeiture of the plaintiff's rights under the agreement. On the contrary, he recognized them when he conveyed to the defendant the legal title to the lot; for, needing the money, he conveyed the lot for the unpaid balance due by the plaintiff under the agreement, upon the promise made by the defendant that he would convey it to the plaintiff upon payment by the latter of what was due and owing upon the agreement. To permit the defendant, under these circumstances, to withhold the legal title from the plaintiff would be to aid him in perpetrating a fraud. (*Farly* v. *Vaughn*, 11 Cal. 227.)

Judgment and order affirmed.

Ross, J., and McKINSTRY, J., concurred.