[Civ. No. 65372. Second Dist., Div. Two. Mar. 18, 1983.]

JOBY LEWIS et al., Plaintiffs and Respondents, v.
ALPHA BETA COMPANY, Defendant and Appellant.

**COUNSEL**

Weil & Fritz, Paul M. Weil and Janice M. Patronite for Defendant and Appellant.

Gamer & Tipps and Harold M. Gamer for Plaintiffs and Respondents.

**OPINION**

**GATES, J.**—As now limited, the appeal of defendant Alpha Beta Company from the judgment entered below, challenges only the rulings made on its motions to strike and/or tax costs. It contends: "[I]. It was error to award attorney's fees and costs to plaintiffs [Joby and Helen Lewis] since they were not prevailing parties in the action. [II]. There is no contractual or statutory basis for plaintiffs to recover attorney's fees against Alpha Beta."

The proceeding underlying this appeal arose as the result of a dispute over whether Alpha Beta could lawfully compete with the Lewises by selling alcoholic beverages at one of its supermarkets. Both Alpha Beta and the Lewises leased their facilities from Bassett Land Company, who is no longer a party to this appeal.

Briefly stated, the evidence established that on November 28, 1962, Alpha Beta entered into a written lease with Bassett Land Company which provided for the rental of certain premises at a shopping center. For more than 50 years of its operation, Alpha Beta, the preparer of this lease, had excluded alcoholic beverages from its product line. As a consequence, this agreement required that a liquor store operated by third parties should adjoin Alpha Beta's building. Pursuant thereto, Bassett in March 1964 entered into a lease with the Lewises that granted them the exclusive right to sell alcoholic beverages within the center. Both Alpha Beta's and the Lewises' leases contained reciprocal attorney's fees provisions as against their joint landlord, Bassett.

As the result of a change in its operating policies, more than 11 years later, in October 1975, Alpha Beta, despite its contractual obligations, posted a notice of intention to engage in the sale of liquor. On November 14, 1975, the Lewises responded by filing suit against both their cotenant, Alpha Beta, and their mutual landlord, Bassett, seeking injunctive relief, specific performance and damages. Recovery of reasonable attorney's fees and costs was also requested. Naturally, Bassett, in its turn, filed a cross-complaint seeking similar injunctive relief and damages against Alpha Beta. The trial court granted Bassett's application for a temporary restraining order and, following an order to show cause hearing, issued a preliminary injunction.

When these matters ultimately proceeded to trial in December 1980, the court granted Bassett's motion, which was joined in by the Lewises, to alter the order of proof and to first receive evidence relating to Bassett's cross-complaint for a permanent injunction. After considering written and oral evidence submitted by the parties, the court determined a permanent injunction should issue prohibiting Alpha Beta from selling alcoholic beverages during the terms of its lease and all extensions thereof.

Since this decision, of course, also resolved all issues in favor of the Lewises, the court denied their request for a separate injunction "without prejudice to application [therefor] in the future if special circumstances should so require." It did, however, award them costs and attorney's fees. In so doing the court announced its recognition of the fact that the Lewises and Alpha Beta were not actually parties to each other's leases, but determined that since the instant action was one in equity, nonetheless, the Lewises were, "in substance," the prevailing parties. Consequently, it held they too were entitled to attorney's fees under section 1717 of the Civil Code.

Alpha Beta appealed, urging that it was improper to issue the injunction "beyond the term of the original Lewis lease or, at maximum, beyond the expiration of the term of the current Lewis lease." It also challenged the award of attorney's fees and costs against it in favor of the Lewises.

We are advised that Alpha Beta and Bassett have "entered into a settlement agreement whereby they agreed to modify the term of the permanent injunction so that it extends only through the remainder of the current lease term . . . ," beyond which the Lewises apparently will have no options or rights in the leasehold property. As a result, they filed a stipulation in this court seeking dismissal of Alpha Beta's appeal as to Bassett only. Such action has rendered the injunction issue moot, leaving only the attorney's fees/costs questions remaining.

While we have neither been referred to, nor located, any cases involving a factual situation directly analogous to that presented here, we have concluded the trial court's ruling was proper.

■ It is well established that attorney's fees are generally not recoverable as costs unless authorized by either statute or agreement. (See *Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 127 [158 Cal.Rptr. 1, 599 P.2d 83]; *International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218, 221 [145 Cal.Rptr. 691, 577 P.2d 1031], and citations therein.)

At the time the judgment was entered in the case presently before us, Civil Code section 1717 provided in relevant part: "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

The terms "parties" and "party" as used in this section have raised uncertainties as to "whether the Legislature used the terms to refer to signatories or to litigants." (*Reynolds Metals Co.* v. *Alperson, supra,* 25 Cal.3d 124, 128.) To date the statute has been applied to nonsignatory litigants who have been sued on a contract as if they were parties to it (*Reynolds Metals Co.* v. *Alperson, supra,* 25 Cal.3d 124; *Babcock* v. *Omansky* (1973) 31 Cal.App.3d 625 [107 Cal.Rptr. 512]) and to nonassuming grantees who have succeeded in their actions for injunctive relief. (*Saucedo* v. *Mercury Sav. & Loan Assn.* (1980) 111 Cal.App.3d 309 [168 Cal.Rptr. 552].) ■ We believe its provisions should also provide a remedy to individuals, such as the Lewises, who on the basis of their own lease, sue their landlord and a cotenant to enforce a restrictive covenant assumed by the cotenant for their benefit in its lease, when each such lease specifically provides for attorney's fees.

We find nothing in *Murphy* v. *Allstate Ins. Co.* (1976) 17 Cal.3d 937, 943-944 [132 Cal.Rptr. 424, 553 P.2d 584], relied on by Alpha Beta, that is to the contrary. In enforcing the essentially reciprocal terms of the two leases here in issue, the Lewises could not reasonably be classified as "intermeddlers" whose recovery under the mutual attorney fee provisions in each lease would be equivalent to "granting [them] a bonus after [they had received] all intended benefit." (*Murphy,* p. 944.) ■ An application of Civil Code section 1717 here is in accord with its basic intendment since it "was enacted to establish mutuality of remedy where contractual provision makes recovery of attorney's fees available for only one party [citations], and to prevent oppressive use of one-sided attorney's fees provisions. [Citation.]" (*Reynolds Metals Co.* v. *Alperson, supra,* 25 Cal.3d at p. 128.)

■ In addition, we deem the Lewises to be "prevailing parties" in the underlying action and find unpersuasive the cases relied upon by Alpha Beta to support a contrary conclusion. While as a general rule the party who obtains a favorable judgment is regarded as the prevailing party, it is not the form of the

judgment that is controlling. (*Epstein* v. *Frank* (1981) 125 Cal.App.3d 111, 124 [177 Cal.Rptr. 831].) The award of contractual attorney fees, as the trial court recognized, is to be governed by equitable principles. (*International Industries, Inc.* v. *Olen, supra,* 21 Cal.3d 218, 224.) The present case is not one where no final judgment was rendered (*Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116 [108 Cal.Rptr. 782]), or where we are unable to determine, as between plaintiff Lewises and the defendant Alpha Beta, who prevailed (*Kytasty* v. *Godwin* (1980) 102 Cal.App.3d 762 [162 Cal.Rptr. 556]), or where neither party was successful (*Reid* v. *Valley Restaurants, Inc.* (1957) 48 Cal.2d 606 [311 P.2d 473]).

Here a final judgment was entered. Although its form was in favor of Bassett only, in reality the Lewises had also prevailed vis-à-vis both Bassett and Alpha Beta since the injunction resulted in preserving their exclusive rights to vend alcohol under the parties' agreements. They were, therefore, entitled to their costs below (Code Civ. Proc., §§ 1032-1033) as well as reasonable attorney's fees.[1]

In addition, we note that the trial court's finding on the issues before us is consistent with the amendments to Civil Code section 1717 which became effective after the entry of judgment. These "provide that the court, on notice and motion, determines who is the prevailing party whether or not the suit proceeds to final judgment, and that the prevailing party is the one who is entitled to recover costs of suit." (Cal. Attorney's Fee Award Practice (Cont.Ed.Bar 1982) p. 5.)

Finally, it is manifest that had the trial on the Lewises' initial complaint not been mooted by the order of proof, they would have been entitled, under the Bassett-Lewis agreement, to an award of attorney's fees and costs from Bassett, who in turn could have recovered those self-same damages from appellant Alpha Beta. The present award merely avoids such unnecessary circularity.

The judgment is affirmed.

Compton, Acting P. J., and Beach, J., concurred.

---

[1]Since the Lewises' costs and reasonable attorney's fees in connection with this appeal will be determined by the trial court (*Western Camps, Inc.* v. *Riverway Ranch Enterprises* (1977) 70 Cal.App.3d 714, 730 [138 Cal.Rptr. 918]), we need not comment here on their counsel's quite breathtaking evaluation of his own worth.