[Civ. No. 68810. Second Dist., Div. Five. Feb. 23, 1984.]

DANIEL R. GLYNN, Plaintiff and Appellant, v.
IVA J. MARQUETTE, Defendant and Respondent.

COUNSEL

Philip J. Ganz, Jr., and John D. Glynn for Plaintiff and Appellant.

Iva J. Marquette, in pro. per., for Defendant and Respondent.

OPINION

ASHBY, J.—In this action for specific performance, the successful plaintiff appeals from an order after judgment which denied plaintiff's request for an award of attorney's fees.

Since the judgment granting specific performance is not in question on this appeal, the background facts may be briefly summarized from the trial court's statement of decision. On June 28 and 29, 1977, appellant Daniel R. Glynn, as buyer, and defendant Beulah Wende (not a party to this appeal), as seller, entered into a valid written agreement as evidenced by a deposit receipt and escrow instructions for the sale of a parcel of land for $7,500. The deposit receipt included a provision which stated "if legal action is instituted in connection with this agreement or the sale of said property, the prevailing party shall be entitled to reasonable attorney's fees and costs." Appellant timely performed his part of the agreement, but defendant Wende failed to perform. Between August 1977 and August 1979, appellant and defendant Wende engaged in a series of negotiations in which appellant continued to demand performance by Wende, and the agreement was modified in various details. In May 1979 defendant Wende and respondent Iva J. Marquette, an experienced real estate dealer and investor who has operated her own escrow company, agreed with each other to attempt to cancel the escrow between appellant and Wende so that respondent could purchase the property from Wende to the exclusion of appellant. On May 15, 1979, respondent and Wende prepared a purported unilateral cancellation of escrow and delivered it to the escrow company. When appellant learned of the purported cancellation, he had conversations with Wende and respondent in which he continued to insist upon performance by Wende. Between May 15 and August 13, 1979, respondent was aware that appellant insisted on purchasing the property pursuant to his agreement with Wende. Nevertheless, on August 13, 1979, Wende conveyed the property to respondent for a price of $9,500. In light of respondent's knowledge of appellant's contract with Wende and of his insistence on its performance, respondent was not a bona fide purchaser and she "acted at her peril" in acquiring the property from Wende.

Appellant brought this action against defendant Wende and respondent for specific performance, breach of contract, declaratory relief and tortious interference with contractual relations. However, appellant settled with defendant Wende for $5,000, the settlement reserving appellant's rights against respondent.[1]

---

[1]The settlement was entered by the public guardian, who had been appointed conservator for the estate of defendant Wende.

Pursuant to Civil Code section 3395,[2] the trial court ordered respondent to convey title to appellant on conditions specified in the judgment.[3]

██ Appellant submitted a cost memorandum which included a claim for $24,750 in attorney's fees. He contended that respondent was liable for appellant's attorney's fees by virtue of Civil Code sections 1717 or 3395. We hold the trial court correctly struck the item for attorney's fees because appellant is not entitled to an award of attorney's fees from respondent.

"Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." (Code Civ. Proc., § 1021.) ██ In other words, in accordance with the general American rule, a prevailing litigant's attorney's fees are not recoverable unless a contract between the parties or a statute so provides. (*Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 127 [158 Cal.Rptr. 1, 599 P.2d 83]; *Gray* v. *Don Miller Associates Inc.* (1984) 35 Cal.3d 498, 504 [198 Cal.Rptr. 551, 674 P.2d 253]; *Olson* v. *Arnett* (1980) 113 Cal.App.3d 59, 67 [169 Cal.Rptr. 629].)

██ Respondent was not a party to the contract between Wende and appellant which contained the attorney's fees clause, nor is there any evidence that respondent expressly assumed the obligations of the contract between Wende and appellant. There is no basis in the record for finding any agreement by respondent to pay appellant's attorney's fees in the event of litigation.

Appellant argues that he is entitled to enforce the attorney's fees clause directly against respondent on the ground that Civil Code section 3395 renders his contract with Wende enforceable "in like manner" against respondent. This argument is not supported by the language of the statute. Section 3395 does not say that the "contract" between seller and buyer is enforceable in like manner against the seller's grantee. The statute refers only to "an obligation in respect to real property [which] would be specifically enforced." ██ Specific performance is given in land sale contracts because it is assumed every piece of property is unique and that the buyer's remedy by way of damages is inadequate. (Civ. Code, § 3387.) ██ Sec-

---

[2]Civil Code section 3395 provides "Whenever an obligation in respect to real property would be specifically enforced against a particular person, it may be in like manner enforced against any other person claiming under him by a title created subsequently to the obligation, except a purchaser or encumbrancer in good faith and for value, and except, also, that any such person may exonerate himself by conveying all his estate to the person entitled to enforce the obligations."

[3]The court found the cause of action for breach of contract to be moot and found against appellant on his cause of action for inducing breach of contract.

tion 3395 is designed to prevent a seller from arbitrarily frustrating the buyer's remedy of specific performance by conveying the property to a third person who has notice of the buyer's interest. (See *Day* v. *Cohn* (1884) 65 Cal. 508, 509 [4 P. 511]; *Stonesifer* v. *Kilburn* (1898) 122 Cal. 659, 664 [55 P. 587]; *Copple* v. *Aigeltinger* (1914) 167 Cal. 706, 710 [140 P. 1073]; *Bone* v. *Dwyer* (1928) 89 Cal.App. 535, 541 [265 P. 292].) But the statute does not render the third party liable in damages for other types of promises of the seller, as to which the buyer has an adequate remedy of damages against the seller.[4] A contract between a buyer and seller may contain many promises by the seller. Among the promises in the contract in this case is a promise to pay the prevailing party's attorney's fees in the event of litigation on the contract. ■ The seller's promise to pay attorney's fees is compensable by a money judgment and is not included within the language of section 3395, which refers only to an obligation which would be specifically enforceable. Appellant's remedy for attorney's fees was against Wende, the party who signed the contract containing the attorney's fees clause. Appellant settled with Wende and received a judgment of $5,000 to compensate appellant for his costs and attorney's fees. Section 3395 does not authorize appellant to look to respondent for additional attorney's fees.

Alternatively, appellant argues that Civil Code section 1717[5] as interpreted in *Reynolds Metals Co.* v. *Alperson, supra,* 25 Cal.3d 124, 128 permits appellant to recover attorney's fees against respondent even though respondent did not sign the contract. This argument is likewise without merit. *Reynolds* held specifically that "Its purposes require section 1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." *Reynolds* and *Babcock* v. *Omansky* (1973) 31 Cal.App.3d 625, 633-634 [107 Cal.Rptr. 512], cited by the Supreme Court, deal with the different problem of a defendant who is sued on a contract *as if he were a party to it.* In *Reynolds* an individual was sued as the alter ego of the corporate signatory to the contract; in *Babcock* the individual was sued as a coadventurer and partner of the signatory to the contract. If the plaintiffs had prevailed on those theories it would have been fair to treat the defendants as if they were signatories to the contract,

---

[4] In fact, section 3395 provides that the third party is exonerated by "conveying all his estate."

[5] Civil Code section 1717, subdivision (a), provides in pertinent part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

and the plaintiffs would have been entitled to attorney's fees. (*Reynolds Metals Co.* v. *Alperson, supra,* 25 Cal.3d at pp. 128-129.) The same is true of *Lewis* v. *Alpha Beta Co.* (1983) 141 Cal.App.3d 29, 33 [189 Cal.Rptr. 840], cited by appellant at oral argument, where the court allowed attorney's fees to the Lewises "who on the basis of their own lease, sue their landlord and a cotenant to enforce a restrictive covenant assumed by the cotenant for their benefit in its lease, when each lease specifically provides for attorney's fees." But in this case, appellant is not entitled to attorney's fees from respondent under Civil Code section 3395, because that statute provides a limited form of specific performance and does not impose Wende's contractual obligations on respondent. The relief provided by the statute does not make respondent a *party* to the contract within the meaning of *Reynolds* and *Babcock.*[6]

The order is affirmed.

Feinerman, P. J., and Hastings, J., concurred.

A petition for a rehearing was denied March 20, 1984, and appellant's petition for a hearing by the Supreme Court was denied May 23, 1984. Mosk, J., was of the opinion that the petition should be granted.

---

[6]Appellant also misplaces reliance upon *Saucedo* v. *Mercury Sav. & Loan Assn.* (1980) 111 Cal.App.3d 309 [168 Cal.Rptr. 552]. In that case, the plaintiffs Saucedo had purchased a property from the McKernies "subject to" an existing loan represented by a note and deed of trust held by the savings and loan association (Mercury). The plaintiffs did not expressly assume the loan, because Mercury demanded a transfer fee and an increase in the interest rate and attempted to enforce a due-on-sale clause when the plaintiffs would not agree to these changes. The plaintiffs successfully restrained enforcement of the due-on-sale clause and the question arose whether they were entitled to attorney's fees under a clause in the note between the McKernies and Mercury. The court stated that in theory the plaintiffs could not recover attorney's fees under Civil Code section 1717 because, not having expressly assumed the note, they could not in turn have been held personally liable by Mercury for payment of the fees. (*Saucedo, supra,* at p. 314.) The court reached a contrary result, however, because of unique circumstances which would have required the plaintiffs to pay Mercury's attorney's fees if they had not prevailed, since " 'as a practical matter, on foreclosure the beneficiary is entitled to recover its fees as a condition to redemption and if the nonassuming grantee wishes to protect his equity in the property he will have to pay those fees.' " (*Ibid.*) The instant case does not involve *Saucedo's* unique circumstances of note and trust deed practice.