[No. D049111. Fourth Dist., Div. One. July 25, 2007.]

JOHN A. TORRES et al., Plaintiffs and Respondents, v.
CITY OF SAN DIEGO, Defendant and Appellant;
BRUCE HERRING, Intervener and Respondent.

---

Counsel

Michael J. Aguirre, City Attorney, and Joe Cordileone, Deputy City Attorney, for Defendant and Appellant.

Sheppard, Mullin, Richter & Hampton, Robert D. Rose and Frank J. Polek for Plaintiff and Respondent John A. Torres.

Coughlan, Semmer & Lipman, R.J. Coughlan, Jr., and Cathleen G. Fitch for Plaintiff and Respondent Ronald L. Saathoff.

Law Office of Frank T. Vecchione and Frank T. Vecchione for Plaintiff and Respondent Teresa A. Webster.

Damiani Law Group and Lisa J. Damiani for Plaintiff and Respondent Sharon K. Wilkinson.

Gibson, Dunn & Crutcher and Nicola T. Hanna for Plaintiff and Respondent Cathy Lexin.

Hahn & Adema and David Hahn for Plaintiff and Respondent Mary Vattimo.

Schwartz, Semerdjian, Haile Ballard & Cauley and Kristen T. Dalessio for Intervener and Respondent.

---

Opinion

**McCONNELL, P. J.**—Plaintiffs, John A. Torres, Ronald L. Saathoff, Cathy Lexin, Terri A. Webster, Sharon K. Wilkinson and Mary Vattimo, and plaintiff-in-intervention, Bruce Herring, are former members of the Board of Administration of the San Diego City Employees' Retirement System (SDCERS).[1] The board members sued the City of San Diego (City) for specific performance and declaratory relief, alleging that under a City resolution and Government Code section 995 the City was required to pay for their defense in a civil action the San Diego City Attorney, Michael Aguirre, filed against them on behalf of the People of California, and in another civil action in which he filed a cross-complaint against them on behalf of the City. The

---

[1] For convenience we refer to the plaintiffs and the plaintiff-in-intervention as board members.

board members obtained summary judgment against the City. The City filed a late notice of appeal and we dismissed the matter.

Subsequently, the trial court issued an order awarding the board members attorney fees incurred in this action, under the City's resolution. The City has timely appealed the order, but also purports to raise issues pertaining to the summary judgment. We dismiss the appeal to the extent it concerns the summary judgment ruling as we lack jurisdiction to consider it. We affirm the order on the attorney fees incurred in this action.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2005, Aguirre, on behalf of the People of the State of California, filed a first amended complaint against the board members (with the exception of Vattimo) for the recovery of economic benefits wrongly received and injunctive relief under the Political Reform Act of 1974, as amended (Gov. Code § 81000 et seq.). (*People v. Grissom* (Super. Ct. San Diego County, 2005, No. GIC850246).) The complaint alleged that in 1996, in connection with their service with SDCERS, the board members violated conflict of interest laws by voting to increase employee pension benefits without providing the required funding, thereby creating an "unfunded liability . . . for which the City . . . was to be responsible and for which revenues from future years would pay."

Also in July 2005, Aguirre, on behalf of the City, filed a cross-complaint against the board members for declaratory relief, breach of trust, breach of fiduciary duty, fraud, negligence and conspiracy. The underlying complaint was by SDCERS against Aguirre and the City. The cross-complaint alleged the same misconduct as alleged in *People v. Grissom*, and added that the board members violated Government Code section 1090, which prohibited them from taking action on contracts in which they had a financial interest. (*SDCERS v. Aguirre* (Super. Ct. San Diego County, 2005, No. GIC841845).) The record contains no evidence the San Diego City Council (City Council) approved Aguirre's filing of either of these civil actions.

In 2002 the City Council had unanimously adopted a resolution designated R-297335. The resolution's preamble explains that SDCERS board members "may, from time to time be subjected to claims and suits for actions taken in [that] capacity," and "there is a need to protect and encourage individuals who volunteer their time and their talent to serve in the public interest." The resolution provides that "the City shall defend, indemnify and hold harmless

all past, present and future members of the Retirement Board against all expenses, judgments, settlements, liability and other amounts actually and reasonably incurred by them in connection with any claim or lawsuit arising from any act or omission in the scope of the performance of their duties as Board Members . . . ."

The board members tendered the defense of the two civil actions to the City based on the resolution and Government Code section 995.[2] That created an unusual situation, of course, as Aguirre, the city attorney, filed the actions and the provision of a defense would require the City to pay both prosecution and defense costs.

The City Council sought legal advice on the matter from the law firm Procopio Cory Hargreaves & Savitch, LLP (Procopio). In a July 2005 memorandum that was later publicly released, Procopio concluded the City was obligated to provide the board members a defense in the two civil actions, notwithstanding the city attorney's role in the lawsuits. The following month the City Council voted four to two to provide a defense, but a vote of five was required to carry the matter. The board members thus retained their own defense counsel.

In August 2005, the board members, excluding Herring, sued the City for specific performance and declaratory relief, seeking a defense in the civil actions based on resolution R-297335 and Government Code section 995. Herring filed a complaint-in-intervention against the City for the same relief.

The board members filed a motion for summary judgment. After a January 2006 hearing, the court confirmed its tentative ruling granting the motion on the grounds that under resolution R-297335 and Government Code section 995 the board members are entitled to recover from the City all attorney fees and costs incurred in the two civil actions. Under Government Code section 995, the duty to defend is mandatory unless the public entity finds any of the following: "(1) The act or omission was not within the scope of his or her employment. [¶] (2) He or she acted or failed to act because of

---

[2] Government Code section 995 provides: "Except as otherwise provided in Sections 995.2 and 995.4, upon request of an employee or former employee, a public entity shall provide for the defense of any civil action or proceeding brought against him [or her], in his [or her] official or individual capacity or both, on account of an act or omission in the scope of his [or her] employment as an employee of the public entity. [¶] For the purposes of this part, a cross-action, counterclaim or cross-complaint against an employee or former employee shall be deemed to be a civil action or proceeding brought against him [or her]."

actual fraud, corruption, or actual malice. [¶] The defense of the action . . . by the public entity would create a specific conflict of interest between the public entity and the employee or former employee." (Gov. Code, § 995.2, subd. (a).) Government Code section 995.2, subdivision (c) "appears to have been intended to allow a public entity to withdraw from the defense of an employee in conflict of interest situations because it is unreasonable to require a public entity to finance litigation directed against it." (*Stewart v. City of Pismo Beach* (1995) 35 Cal.App.4th 1600, 1606 [42 Cal.Rptr.2d 382].) The board members submitted undisputed evidence, however, that the City Council never made any finding under Government Code section 995.2.

The court also determined that in a later noticed motion the board members could request attorney fees incurred in this action. The judgment, entered on March 6, 2006, contained blank spaces for the later entry of the amounts of fees and costs each board member incurred in this action.

The following May 10, the City filed a notice of appeal of the judgment, *Torres v. City of San Diego* (June 1, 2006, D048586). Torres filed a motion to dismiss and the City filed opposition to the motion. We dismissed the appeal as untimely on June 1.

In June 2006 the city attorney's office served on the parties a request to dismiss the board members from the cross-complaint in the *SDCERS v. Aguirre* action. In October the city attorney's office filed a request to dismiss the complaint in *People v. Grissom*, and a dismissal was entered. When that case was dismissed, the court was considering a motion by board member Lexin to disqualify the city attorney's office from representing the People based on conflicts of interest such as its provision of legal advice to Lexin regarding the subject matter of the lawsuit.[3]

The board members then moved for attorney fees incurred in this action. The motion was supported by declarations from the board members' attorneys attesting to the amount of fees and costs incurred, and by detailed time entries.

The City opposed the motion on the ground attorney fees are not authorized by contract, statute or law. The City argued that neither resolution R-297335 nor Government Code section 995 provide for the recovery of fees

---

[3] We have taken judicial notice of these documents in the *People v. Grissom* superior court file. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

by the prevailing party in an action to obtain a defense or indemnity. The City did not contest the amount or reasonableness of the fees requested.

In reply, the board members argued the plain language of the resolution entitles them to attorney fees incurred in enforcing the City's duty under the resolution to provide them with a defense in the underlying civil actions. The hearing was originally scheduled for June 2, 2006, but the court continued it to June 23 to allow the City "to provide supplemental briefing on whether . . . Resolution R-297335 provides a legal basis for an award of attorney's fees" to the board members. Originally, the board members sought attorney fees under Government Code section 800 and Code of Civil Procedure section 128.5.

On June 23, the court issued an order that granted the motion for fees on the basis of the resolution. The court awarded the board members various amounts for fees and costs incurred in this action, totaling $182,342.50 and $6,176.16, respectively, and the individual awards were added to the judgment. The City timely appealed the June 23 order.

## DISCUSSION

### I

### *Motion to Dismiss*

### A

The board members have moved to dismiss the City's appeal insofar as it purports to raise issues pertaining to the summary judgment, which the City did not timely appeal. The City counters that the court's June 23, 2006 order on attorney fees "substantially and materially altered" the judgment, thus beginning anew the time within which to appeal. The City asserts the board members were not entitled to summary judgment because they did not plead or prove the essential elements of a claim for specific performance and Government Code section 995 provides no basis for declaratory relief or specific performance.

■ Unless otherwise provided by law, a notice of appeal must be filed on or before the earliest of three dates: (1) 60 days after the court clerk serves a notice of entry of judgment or a file-stamped copy of the judgment on the appealing party, (2) 60 days after the appealing party serves or is served by

the opposing party with a notice of entry of judgment, or (3) 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a).) "If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (*Id.*, rule 8.104(b).)

■ "The effect of an amended judgment on the appeal time period depends on whether the amendment substantially changes the judgment or, instead, simply corrects a clerical error." (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2006) ¶ 3:56, pp. 3-24 to 3-25.) "When the trial court amends a nonfinal judgment in a manner amounting to a *substantial modification* of the judgment (e.g., on motion for new trial or motion to vacate and enter different judgment), the amended judgment supersedes the original and becomes the appealable judgment (there can only be *one* 'final judgment' in an action . . .). Therefore, a new appeal period starts to run from notice of entry or entry of the *amended* judgment." (*Id.*, ¶ 3:56.1, p. 3-25.) "For example, an order amending a judgment to reflect the *correct name of a party* . . . substantially changes the judgment and therefore starts a new appeal time period (for an appeal from the amended judgment)." (*Id.*, ¶ 3:56.1a, p. 3-25.) The City relies on *CC-California Plaza Assocs. v. Paller & Goldstein* (1996) 51 Cal.App.4th 1042, 1049 [59 Cal.Rptr.2d 382], in which the court explained, "we cannot imagine a more substantial or material change in the form of a judgment than in the identity of the losing party."

It is well settled, however, that "[w]here the judgment is modified merely to add costs, attorney fees and interest, the original judgment is not substantially changed and the time to appeal it is therefore not affected." (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs, *supra*, ¶ 3:56:3, p. 3-26; see *Amwest Surety Ins. Co. v. Patriot Homes, Inc.* (2005) 135 Cal.App.4th 82, 84, fn. 1 [37 Cal.Rptr.3d 195].) "When a party wishes to challenge both a final judgment *and* a postjudgment costs/attorney fee order, the normal procedure is to file *two separate appeals*: one from the final judgment, and a second from the postjudgment order." (Eisenberg et al., *supra*, ¶ 2:156.1, p. 2-73.)

■ The June 23, 2006 order on attorney fees and costs did not amend the March 6, 2006 judgment in any substantive way. Rather, the judgment was merely modified to add the fees and costs awards. Accordingly, we lack jurisdiction to consider any aspect of the summary judgment ruling.

B

The City contends the modification of the March 6, 2006 judgment to add attorney fees and costs was a "material and substantial" change, since the spaces left on the judgment for the later entry of fees were supposed to be for

fees the board members incurred in defending the two underlying civil actions. The City complains that "[i]nstead of moving to insert the attorney's fees and costs incurred in the *other two lawsuits* . . . , [the board members] applied for an award of the fees and costs they incurred in the *current lawsuit*," and that action "left them hoist[ed] on their own petard." (Boldface omitted.) The City is incorrect, as the judgment stated the blank spaces were for fees "incurred in *this* action." (Italics added.) As discussed, the addition to the judgment of attorney fees and costs awarded in a postjudgment order does not constitute a substantial change in the judgment for purposes of the notice of appeal deadline.

We also reject the City's argument the judgment was substantially changed because the basis for attorney fees in this action was not "an undisputed statute or contract," but resolution R-297335, which raised "new legal issues." The City points out that in their complaint the board members prayed for attorney fees under Government Code section 800 and Code of Civil Procedure section 128.5, rather than under the resolution. The legal basis for a fee award, however, is reviewed in the appeal from the order awarding fees; it does not resurrect a stale appeal of the judgment. The legal basis for the award has nothing to do with the propriety of the underlying summary judgment.

Further, the City's cursory assertion the court denied it due process is unfounded. In its opposition to the motion for attorney fees, the City raised the resolution, arguing it does not provide a basis for an award of fees in this action. When the board members claimed in their reply that the resolution does entitle them to fees, the court continued the hearing for three weeks to give the City the opportunity for further briefing. The City cites no authority for the notion it did not receive a fair hearing and opportunity to be heard on the matter.

Lastly, the City's reliance on *Stone v. Regents of University of California* (1999) 77 Cal.App.4th 736 [92 Cal.Rptr.2d 94] (*Stone*) is misplaced. In *Stone,* the Regents of the University of California (Regents) appealed a judgment directing a writ of mandate issue to compel them to provide a defense to a physician (Stone) in an underlying civil action against him. Stone moved to dismiss the appeal as untimely. The trial court had ruled the Regents acted arbitrarily in refusing to defend Stone, and granted a petition requiring them to provide him a defense from May 25, 1995. Judgment was initially entered on March 25, 1996. The Regents successfully moved for reconsideration, and on May 15, 1996, a new judgment was entered, identical

to the first but directing them to pay for Stone's defense from March 25, 1996. Stone then moved for reconsideration, and the trial court modified the judgment to require the Regents to pay his defense from June 12, 1995. On July 26, 1996, notice of entry was served on the Regents, and they filed a notice of appeal on August 9 from the judgment as modified. (*Id.* at p. 743.)

The appellate court held the appeal was timely, explaining the "July 22, 1996, amendment was undeniably one of substance . . . . The modification required the Regents to pay Stone's legal expenses for an additional nine months. That materially affected their rights. While the Regents would have been prudent to file a timely notice of appeal from the original judgment, just in case, Stone's partial victory on his motion for reconsideration saved the day for them." (*Stone, supra,* 77 Cal.App.4th at p. 744.)

*Stone* is not "practically on all fours with this case," as the City asserts, as it does not concern a postjudgment award of attorney fees incurred in bringing that action. Rather, that case concerns a change in the terms of the judgment requiring the Regents to defend Stone in an underlying action. Here, in contrast, the court's June 23, 2006 order did not alter the terms of the summary judgment. *Stone* is inapplicable.

II

*Attorney Fees Under Resolution R-297335*

■ Attorney fees are allowed as costs to the prevailing party when authorized by any of the following: contract, statute or law. (Code Civ. Proc., §§ 1032, subds. (a)(4), (b), 1033.5, subd. (a)(10); Civ. Code, § 1717.) "Except as attorney's fees are specifically provided for by statute [e.g., Code Civ. Proc., § 1033.5, subd. (a)(10)], the measure and mode of compensation of attorneys . . . is left to the agreement . . . of the parties." (Code Civ. Proc., § 1021.) The legal basis for an award of attorney fees is a question of law we review independently. (*Leamon v Krajkiewcz* (2003) 107 Cal.App.4th 424, 431 [132 Cal.Rptr.2d 362].)

The City contends that because resolution R-297335 does not expressly state fees shall be awarded the "prevailing party" in any action to enforce the resolution, the fee award here is improper. The City relies on *Hillman v. Leland E. Burns, Inc.* (1989) 209 Cal.App.3d 860 [257 Cal.Rptr. 535] (*Hillman*), and *Otis Elevator Co. v. Toda Construction* (1994) 27 Cal.App.4th 559 [32 Cal.Rptr.2d 404] (*Otis*), which are in a line of cases holding attorney

fees are not available in the prosecution of an indemnity action absent clear language in the indemnity agreement stating the parties contemplated an award of fees for enforcing the agreement. (*Otis,* at p. 566.)

In *Otis, supra,* 27 Cal.App.4th 559, the court, following the reasoning of *Hillman* and related cases, held that "[b]ecause the indemnity agreement at issue here did not explicitly provide for attorney fees incurred in pursuing an indemnity claim against [the indemnitor], [the indemnitee] was not entitled to them. The attorney fee award must therefore be amended to reflect only those fees incurred in the [underlying third party] personal injury action." (*Id.* at p. 566.) The pertinent question under the *Hillman* line of cases is whether the indemnity provision contains language "which reasonably can be interpreted as addressing the issue of an action between the parties on the contract." (*Building Maintenance Service Co. v. AIL Systems, Inc.* (1997) 55 Cal.App.4th 1014, 1030 [64 Cal.Rptr.2d 353]; see *Continental Heller Corp. v. Amtech Mechanical Services, Inc.* (1997) 53 Cal.App.4th 500, 509 [61 Cal.Rptr.2d 668].)

In *Otis, supra,* 27 Cal.App.4th at page 564, the subcontract between the parties provided indemnity for " 'all liability, charges, penalties, fines, costs, fees, losses, damages, expenses, causes of action, claims, suits, settlements, awards and judgments (including reasonable attorney's fees) resulting from injury or death sustained by any person . . . which injury, death or damage arises out of, or is in any way *connected with, or incidental to the performance of the work under this Subcontract.*' " (Italics added.) The court rejected the notion the clause covered attorney fees incurred in litigating the indemnity claim, as the "subcontract permits recovery of expenses, including attorney fees, incurred in defense of any third party claims arising out of Otis's [indemnitor] performance of the work promised in the subcontract. . . . The provision does not specifically state . . . that Toda [indemnitee] would be entitled to such fees in an action to enforce the *indemnity* provision of the subcontract." (*Otis, supra,* at p. 564.) The indemnity clause in *Hillman* was similar to that in Otis. (*Hillman, supra,* 209 Cal.App.3d at p. 866.)

This action does not concern an indemnity contract between the parties, but a public agency resolution. "A decision is authority only for the point actually passed on by the court and directly involved in the case. General expressions in opinions that go beyond the facts of the case will not necessarily control the outcome in a subsequent suit involving different facts." (*Gomes v. County of Mendocino* (1995) 37 Cal.App.4th 977, 985 [44 Cal.Rptr.2d 93]; see *Chevron U.S.A., Inc. v. Workers' Comp. Appeals Bd.* (1999) 19 Cal.4th 1182, 1195 [81 Cal.Rptr.2d 521, 969 P.2d 613].)

The construction of a municipal resolution is governed by the rules that govern construction of statutes. (*Atchley v. City of Fresno* (1984) 151

Cal.App.3d 635, 647 [199 Cal.Rptr. 72].) The "primal principle of statutory construction requires the ascertainment of the *intent of the legislative body* [citations] . . . . When . . . there is no direct evidence of the legislative intent, the court turns first to the words of the enactment for the answer and may also rely upon extrinsic aids [citations], including *recitals and findings in the enactment.*" (*County of Madera v. Superior Court* (1974) 39 Cal.App.3d 665, 668–669 [114 Cal.Rptr. 283], italics added.)

Resolution R-297335 requires that the City "defend, indemnify and hold harmless all past, present and future members of the Retirement Board against *all expenses,* judgments, settlements, liability and *other amounts* actually and reasonably incurred by them *in connection with any claim or lawsuit arising from any act or omission in the scope of the performance of their duties as Board Members.*" (Italics added.) To any extent that language, standing alone, could be construed to cover only attorney fees incurred in underlying third party suits, such a construction is belied by the City Council's declared intent in passing the resolution: it did not want any of the 13 members of the SDCERS Board of Administration to incur attorney fees associated with any litigation pertaining to the discharge of their duties. Again, the resolution's preamble explains "there is a need to *protect* and *encourage* individuals who volunteer their time and their talent to serve in the public interest." (Italics added.) Board members would obviously not be protected or encouraged to serve if they were required to incur substantial attorney fees and costs to enforce the City's duty of defense under the resolution.

We acknowledge that the situation here is unusual since the defense obligation arose in conflict of interest actions filed by the city attorney's office, and in passing resolution R-297335 the City Council likely did not foresee this situation. The City Council, however, never made any finding of wrongdoing on the board members' part that may have excused the City from its defense obligation. (See Gov. Code, § 995.2; *Stewart v. City of Pismo Beach, supra,* 35 Cal.App.4th at p. 1606.) Contrary to Aguirre's position in this appeal, his filing of the underlying civil actions is not tantamount to the City Council making a finding of wrongdoing, particularly since there is no evidence the City Council even approved of his filing of the actions. Further, Aguirre dismissed the civil actions against the board members before any findings on the merits were made, and thus there was no showing of any actual conflict of interest. Under all the circumstances, we agree with the trial court's assessment that resolution R-297335 entitles the board members to attorney fees and costs incurred in this action.

## DISPOSITION

The appeal is dismissed to the extent it purports to appeal issues pertaining to the summary judgment. In all other respects, the June 23, 2006 order awarding attorney fees and costs is affirmed.

Benke, J., and McIntyre, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 24, 2007, S156059.