Filed 11/24/14  Colavincenzo v. Aloha Pool & Spa CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| NORMAN J. COLAVINCENZO,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>ALOHA POOL & SPA et al.,<br><br>      Defendants and Respondents. | H039953<br>(Monterey County<br>Super. Ct. No. M83809) |

Plaintiff Norman J. Colavincenzo, as Trustee of the Pescadero Point Revocable Directional Title Holding Trust, appeals from the trial court's orders denying in part his motions to tax costs claimed by defendants Aloha Pool & Spa (Aloha) and Corby Gould Pools, Inc. (Corby).  Colavincenzo contends that if his related appeal from the trial court's orders granting defendants' motions to dismiss for failure to bring the case to trial within five years results in reversal of those orders, the orders awarding costs must also be reversed.  We agree with this contention and reverse the costs orders.

## I.  Background

In 2007, Colavincenzo sued defendants and others for defects in the construction of a pool and spa in Pebble Beach.  In 2012, the defendants who had not settled moved to dismiss the case for failure to bring it to trial within five years.  The trial court granted

Aloha's and Corby's motions and entered orders dismissing the complaint against them with prejudice. Colavincenzo appealed from the trial court's orders. (*Colavincenzo v. Corby Gould Pools, et al.* (H039430).)

In May 2013, the trial court entered orders awarding $30,870.34 in costs to Aloha and $14,829 in costs to Corby. Colavincenzo filed a separate appeal from the costs orders.

## II. Discussion

Colavincenzo contends that if we reverse the trial court's orders dismissing defendants from the underlying action, the orders awarding them costs must also be reversed. We agree.

"Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).)[1] " 'Prevailing party' includes . . . a defendant in whose favor dismissal is entered . . . ." (§ 1032, subd. (a)(4).) Here, where dismissals were entered in defendants' favor, defendants were "prevailing part[ies]" entitled as a matter of right to recover their costs. (§ 1032, subd. (b).)

We have now reversed the orders dismissing Aloha and Corby from the case. (*Colavincenzo v. Corby Gould Pools, et al.* (H039430).) " 'An order awarding costs falls with a reversal of the judgment on which it is based.' [Citations.] '[T]he successful party is never required to pay the costs incurred by the unsuccessful party.' [Citation.] 'After reversal of a judgment "the matter of trial costs [is] set at large." ' [Citation.]" (*Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284 (*Allen*).) It follows that the costs orders must also be reversed. (*Ibid.*)

---

[1] Subsequent statutory references are to the Code of Civil Procedure unless otherwise noted.

2

Corby maintains that this appeal is "unnecessary and unwarranted" because *Allen* "is dispositive of the issue." Corby bases its argument on a statement in *Allen* that it quotes out of context. Its reliance on that statement is misplaced.

In *Allen*, the court observed that "[a]n appellate court has no jurisdiction to review an award of attorney fees made after entry of judgment, unless the order is separately appealed." (*Allen*, *supra*, 94 Cal.App.4th at p. 1284.) The plaintiff in *Allen* did not separately appeal the order awarding the defendant his attorney's fees and costs. (*Ibid.*) Because the *Allen* court lacked jurisdiction to review the order, it did not reverse it but instead directed the trial court to do so on remand. (*Ibid.*) The situation here is different. Colavincenzo separately appealed from the trial court's orders awarding costs to Aloha and Corby. Thus, we have jurisdiction to review and to reverse them. We reject Corby's contention that we should dismiss this appeal.

We likewise reject Corby's contention that we should issue an order to show cause why sanctions should not be awarded for the filing of a "frivolous" appeal. We see no basis for an award of sanctions. " 'When a party wishes to challenge both a final judgment *and* a postjudgment costs/attorney fee order, the normal procedure is to file *two separate appeals*: one from the final judgment, and a second from the postjudgment order.' [Citation.]" (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222.) Colavincenzo properly did so here. (E.g., *Merced County Taxpayers Assn. v. Cardella* (1990) 218 Cal.App.3d 396, 401-402.)

### III. Disposition

The trial court's May 3, 2012 orders awarding costs to Aloha and Corby are reversed.

3

_____
Mihara, J.

WE CONCUR:


_____
Premo, Acting P. J.



_____
Elia, J.