Filed 6/1/21  Hernandez v. Princess Windows CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ENCARNACION HERNANDEZ, | B302750 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC674792) |
| v. | |
| PRINCESS WINDOWS, LLC et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Elaine Lu, Judge.  Affirmed.

Karlin & Karlin, Marc A. Karlin for Defendants and Appellants.

Employee Justice Legal Group, Kaveh S. Elihu and Samuel J. Moorhead for Plaintiff and Respondent.

_____

Plaintiff and respondent Encarnacion Hernandez brought this wage and hour action against his employer, defendant and appellant Princess Windows, LLC, and its owners, defendants and appellants Rosalba Barragan (Barragan) and Romueldo Guerrero (Guerrero).  After hearing the evidence at trial, the trial court entered judgment in favor of plaintiff.  Defendants appeal, alleging that the trial court should not have (1) granted plaintiff's claim for rest break penalties, (2) held Barragan and Guerrero individually liable under Labor Code section 558.1 (section 558.1), and (3) awarded plaintiff as much in attorney fees as it did.

We affirm.

## FACTUAL BACKGROUND

Plaintiff worked for defendants in exchange for a weekly salary of $550 between September 6, 2013, and September 6, 2016.  During that time period, he worked six days per week, over 51 hours in total (not including breaks).

Defendants kept no records of any kind relating to plaintiff's employment.

## PROCEDURAL BACKGROUND

On September 6, 2017, plaintiff filed the instant action against defendants, alleging nine causes of action all arising out of defendants' failure to pay minimum wages and overtime and to provide rest breaks and itemized wage statements.

The matter proceeded to a bench trial on April 29, 2019.  As is relevant to the issues raised in this appeal, the only disputed issue was the number and length of breaks that defendants

2

provided to plaintiff.[1]  Plaintiff testified that he received an unpaid 30-minute lunch break per day and no other breaks. Guerrero testified that plaintiff received an hour lunch break and two 10-minute rest breaks per day.

After hearing the evidence, the trial court found plaintiff's testimony credible and Guerrero's testimony not credible.  It ruled in favor of plaintiff on all counts.

Judgment was entered in the amount of $58,861, plus prejudgment interest.  This total includes $12,870 in rest break penalties.

Defendants' timely appeal ensued.

Thereafter, according to the parties' briefs, plaintiff moved for attorney fees and costs, and on July 7, 2020, the trial court awarded plaintiff $75,105 in attorney fees and costs in the amount of $4,940.26.  Defendants did not file any notice of appeal as to the trial court's award of attorney fees.

## DISCUSSION

"'A judgment or order of the lower court is *presumed* correct.  All intendments and presumptions are indulged to

---

[1]  Also contested at trial was plaintiff's claim that defendants failed to pay him minimum and overtime wages.  After the presentation of the evidence, the trial court asked the parties to submit posttrial briefs on this issue.  Defendants apparently filed such a brief, but it is not part of the appellate record.  In his respondent's brief, plaintiff contends that defendants' posttrial brief did not address the question of whether plaintiff presented sufficient evidence to hold these two individuals liable under section 558.1.

3

support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, "a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) "Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]. [Citation.]" (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502; *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 [error cannot be presumed from an incomplete record].)

Defendants have not met their burden here. The clerk's transcript is limited to the case summary, statement of decision, plaintiff's complaint, the judgment, and the notices of appeal. In other words, defendants have not overcome the presumption of correctness of the trial court's judgment because they have not presented an adequate record. (*Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1320–1321.)

With this in mind, in an effort to resolve the issues raised, we turn to the merits of defendants' arguments as best as possible.

I. *Standards of review*

In reviewing a trial court's decision following a bench trial, we review questions of law de novo and apply a substantial evidence standard to the trial court's factual findings. (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.) "Under this deferential standard of review, findings of fact are liberally construed to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all

4

reasonable inferences in support of the findings. [Citation.]" (*Thompson v. Asimos, supra*, at p. 981.) A single witness's testimony may constitute substantial evidence to support a finding, and we do not reevaluate any witness's credibility. (*Ibid*.) Further, "[u]nder the doctrine of implied findings, the reviewing court must infer, following a bench trial, that the trial court impliedly made every factual finding necessary to support its decision." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 48.)

II. *Analysis*

The trial court's judgment in favor of plaintiff is amply supported by the evidence. State law obligates employers to provide employees with meal periods, breaks, and rest periods. (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1018, 1028.) Here, plaintiff testified that he was not provided with the mandated rest breaks. His testimony supports the trial court's judgment.

Urging us to reverse, defendants raise three arguments, each of which we reject in turn.

First, defendants assert that the trial court's finding that they failed to provide plaintiff with statutory rest breaks is unfounded and therefore the rest break penalties should be reversed. In support, they contend that (1) plaintiff only offered his own uncorroborated testimony, and (2) Guerrero testified that plaintiff did receive breaks. Defendants are asking us to reweigh the evidence, something we cannot, and will not, do. (*Escamilla v. Department of Corrections & Rehabilitation* (2006) 141 Cal.App.4th 498, 514–515.)

Second, defendants argue that the trial court erred in holding Barragan and Guerrero personally liable under section

5

558.1.  Even though they were given the opportunity to brief this issue in the trial court, there is no evidence in the appellate record that they raised this argument below.  Thus, it has been forfeited on appeal.  (*Twenty-Nine Palms Enterprises Corp. v. Bardos* (2012) 210 Cal.App.4th 1435, 1450.)

Setting this procedural obstacle aside, defendants' argument is not well-taken.  Section 558.1 provides, in relevant part:  "(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation."  Subdivision (b) defines "the term 'other person acting on behalf of an employer'" to include "a natural person who is an owner . . . , of the employer."  (§ 558.1, subd. (b).)

Ample evidence supports the trial court's finding that Barragan and Guerrero violated section 558.1.  There was testimony that they were the owners of Princess Windows.  And plaintiff testified that Barragan and Guerrero were the ones who set his compensation.  Even though plaintiff complained about his compensation, they refused to change it.  Based upon this evidence, the trial court properly determined that Barragan and Guerrero are personally liable to plaintiff as persons who caused the employer to violate the specified statutes under section 558.1.

Third, defendants challenge the trial court's award of attorney fees and costs.  Because defendants failed to file a proper notice of appeal from this postjudgment order, we lack jurisdiction to review it.  (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222.)

6

Even if we could review the order, defendants did not provide us with an adequate record to do so. (Cal. Rules of Court, rule 8.204(a)(1)(C) & (a)(2)(C); *Brown v. Boren*, *supra*, 74 Cal.App.4th at pp. 1320–1321; *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557 ["The appellant must present an adequate argument including citations to . . . relevant portions of the record"].) "Appellate review is generally limited to matters contained in the record. Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs. [Citations.]" (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102.) Neither the parties' briefs on this issue nor the order awarding plaintiff attorney fees and costs is part of the appellate record. And, we previously denied defendants' motion to augment the record. Thus, we need not address this contention.

## DISPOSITION

The judgment is affirmed. Plaintiff is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.        _____, J.
LUI                                                    CHAVEZ