Filed 8/25/23  San Diego Innovation Center v. Skyriver Communications CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO INNOVATION CENTER, LLC,<br><br>　　　Plaintiff, Cross-defendant and Respondent,<br><br>　　　v.<br><br>SKYRIVER COMMUNICATIONS, INC.,<br><br>　　　Defendant, Cross-complainant and Appellant. | D080972<br><br><br><br><br><br><br>(Super. Ct. No. 37-2020-0027901-CU-BC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Keri G. Katz, Judge.  Dismissed.

Esensten Law, Robert Lawrence Esensten, and Randi R. Geffner for Defendant, Cross-complainant and Appellant.

Kimball, Tirey & St. John LLP and David Charles Williamson for Plaintiff, Cross-defendant and Respondent.

Failure to file a timely notice of appeal is jurisdictional, mandating dismissal. In this landlord-tenant dispute over unpaid rent during the COVID-19 pandemic, the trial court entered judgment for the landlord following a bench trial. The tenant did not appeal within 60 days of being served with a notice of entry of the judgment. (Cal. Rules of Court, rule 8.104(a)(1).) A later amended judgment adding attorney's fees did not substantially change the judgment to affect the deadline to appeal. (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 221 (*Torres*).) Because this appeal is untimely, we lack jurisdiction to consider its merits and accordingly must dismiss.

FACTUAL AND PROCEDURAL BACKGROUND

Skyriver Communications, Inc. (Skyriver) leased a commercial property from San Diego Innovation Center (SDIC). The multi-year lease was set to end in July 2021. Early in the COVID-19 pandemic, Skyriver vacated the premises and stopped paying rent. SDIC sued for breach of the lease agreement to recover unpaid rent and related expenses through the end of the lease term. Skyriver asserted various affirmative defenses in its answer and cross-complained for breach of contract, fraud, and tortious interference with contractual relations.

The parties appeared before Judge Katz for a four-day bench trial on the complaint and cross-complaint. On March 9, 2022, Judge Katz issued a final statement of decision resolving contested issues in SDIC's favor and directing SDIC to prepare a proposed judgment. The court thereafter entered judgment on March 29 for SDIC on its complaint, awarding "damages in the amount of $486,489.55, plus costs and fees according to proof." Judgment was also entered in favor of SDIC on Skyriver's cross-complaint. SDIC served

notice of entry of judgment on Skyriver on April 8. By interlineation, the trial court subsequently amended the judgment on April 27 to award SDIC $1,479 in costs.

SDIC filed a postjudgment motion in May seeking to recover contractual attorney's fees pursuant to the terms of the parties' lease. (See Civ. Code, § 1717.) Skyriver challenged the amount requested but not SDIC's entitlement to fees. On August 5, 2022, the trial court granted SDIC's motion, awarding $62,821 in attorney's fees. It directed the clerk to interlineate the judgment to reflect the fee award. After a formal order issued on August 15, the March 29 judgment was amended with handwritten notation awarding SDIC $62,821 in attorney's fees.

Skyriver filed a notice of appeal on September 14. It indicated it was appealing a "Judgment entered on 3/29/22 as modified and amended by the Order filed 8/15/22." Skyriver's appeal focuses on merits rulings underlying the original judgment, not the attorney's fee award.

## DISCUSSION

Generally speaking, an appeal must be filed within 60 days after the appellant is served with a notice of entry of judgment or a file-stamped copy of the judgment, or within 180 days after entry of judgment, whichever occurs earlier. (Cal Rules of Court, rule 8.104(a)(1).) This deadline is jurisdictional; once it expires, an appellate court loses power to consider the appeal. (*Marshall v. Webster* (2020) 54 Cal.App.5th 275, 279.) "Jurisdictional time limits for appealable orders may not be extended by estoppel, consent, waiver, agreement or acquiescence." (*Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 70.) "If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (Cal. Rules of Court, rule 8.104(b).)

Where a judgment is later amended, the question becomes whether the amendment resulted in a "substantial modification" of the judgment—i.e., whether it materially affects the rights of the parties. (*Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 842; *Dakota Payphone* (2011) 192 Cal.App.4th 493, 504.) If it does, then the amended judgment supersedes the original to become the final, appealable judgment for purposes of calculating the appeal deadline. Otherwise, "any changes are considered to relate back to the original judgment and the time to appeal runs from the entry of the first judgment." (*Ellis,* at p. 842.)

Here, the question is whether the August 15 amended judgment substantially modified the March 29 judgment by interlineating the award of attorney's fees. Under this court's prior ruling in *Torres*, the answer is plainly no: " '[W]here the judgment is modified merely to add costs, attorney's fees and interest, the original judgment is not substantially changed and the time to appeal it is therefore not affected.' " (154 Cal.App.4th at p. 222.) " 'When a party wishes to challenge both a final judgment *and* a postjudgment costs/attorney fee order, the normal procedure is to file *two separate appeals*: one from the final judgment, and a second from the postjudgment order.' " (*Ibid.*)

*Torres* reached this conclusion on analogous facts. Judgment was entered in plaintiffs' favor on summary judgment, with the court leaving blanks for the amount of statutorily recoverable attorney's fees. (*Torres, supra,* 154 Cal.App.4th at pp. 219–220.) The defendant City did not timely appeal the judgment; instead, it appealed following a postjudgment order fixing the amount of attorney's fees, seeking to raise arguments about both the underlying summary judgment ruling and the order on attorney's fees. (*Id.* at pp. 220–221.) We held that "the addition to the judgment of attorney

4

fees and costs awarded in a postjudgment order does not constitute a substantial change in the judgment for purposes of the notice of appeal deadline." (*Id.* at p. 223.) Though the legal basis for a fee award was contested, that dispute had "nothing to do with the propriety of the underlying summary judgment." (*Ibid.*) Accordingly, we dismissed issues relating to the underlying judgment and focused solely on the postjudgment award of attorney's fees. (*Id.* at p. 222; see also *Hjelm v. Prometheus Real Estate Group, Inc.* (2016) 3 Cal.App.5th 1155, 1163 [losing party in landlord-tenant lease dispute failed to timely appeal judgment following a jury trial; appeal not saved by amended judgment awarding statutory attorney's fees].)

The original judgment in this case was entered on March 29, 2022. Skyriver was served with the notice of entry of judgment on April 8. It filed a notice of appeal on September 14, seeking to challenge the liability determination. But because the appeal was filed more than 60 days after service of the notice of entry of judgment, it was untimely. (Cal. Rules of Court, rule 8.104(a)(1)(B).) The August 15 amended judgment adding attorney's fees did not substantially change the judgment such that it reset the deadline to appeal. Pursuant to *Torres*, Skyriver's appeal is untimely and must be dismissed.

That the defendant in *Torres* challenged only the basis for fees and not their amount whereas the opposite occurred here does not change the result. Whatever the nature of the fee dispute in the trial court—entitlement, amount, or both—it has no bearing on whether the postjudgment fee order substantially changes the judgment. (See *Torres, supra,* 154 Cal.App.4th at p. 223.) As we explained in *Torres,* "The legal basis for a fee award . . . is reviewed in the appeal from the order awarding fees; it does not resurrect a stale appeal of the judgment." (*Ibid.*)

5

Nor did *Torres* articulate a general preference rather than a "mandatory procedure" for filing separate appeals from the judgment and postjudgment attorney's fee order. To the contrary, on similar facts we held that we lacked jurisdiction to consider issues related to the underlying judgment. We follow the same course here.[1]

As Skyriver's case authority makes clear, "Not every alteration of a judgment by the court which rendered it will operate as a readjudication of the case." (*George v. Bekins Van & Storage Co.* (1948) 83 Cal.App.2d 478, 481.) "[I]f a party can obtain the desired relief from the judgment before it is amended, he must act—appeal therefrom—within the time allowed after its entry." (*Ibid.*) Skyriver's failure to do so leaves us without jurisdiction to entertain its appeal.

---

[1] For the first time at oral argument, Skyriver cited *Rosen v. LegacyQuest* (2014) 225 Cal.App.4th 375 to suggest its appeal was timely filed. In *Rosen*, a postjudgment motion requested both attorney's fees and costs. The court denied fees in a written order and amended that order four months later to grant costs. (*Id.* at p. 379.) The appeal of the fee ruling was timely taken from the amended order because the initial order did not fully dispose of the issues raised in the motion. (*Id.* at p. 380.) *Rosen* stands for the proposition that appeal from a ruling on a postjudgment motion lies from the final order resolving all issues raised in that motion. It does not change our conclusion in *Torres* that an amended judgment merely adding attorney's fees and costs does not reset the deadline to appeal the merits of the judgment.

## DISPOSITION

The appeal is dismissed.  SDIC is entitled to its costs on appeal.


DATO, J.

WE CONCUR:


IRION, Acting P. J.


BUCHANAN, J.