Filed 2/9/21  Tiger Loans v. Hao CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TIGER LOANS, INC., | |
| Plaintiff and Appellant, | G058954 |
| v. | (Super. Ct. No. 30-2017-00921046) |
| YAN HAO, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Ronald L. Bauer, Judge.  Dismissed.

Law Office of Foroozandeh and Majid Foroozandeh for Plaintiff and Appellant.

SAC Attorneys and Brian A. Barnhorst for Defendant and Respondent.

Plaintiff Tiger Loans, Inc. appeals from an amended judgment including an award of attorney fees and costs against plaintiff and in favor of defendant Yan Hao. Plaintiff complains defendant was not entitled to fees and costs. But plaintiff's appeal from the amended judgment is untimely because the amendment only added attorney fees and costs and the time for appeal of the original judgment expired. And even if we construe plaintiff's appeal as having been taken from the underlying attorney fee order, it too is untimely. Therefore, we dismiss the appeal.

**FACTS**

Plaintiff, a mortgage broker, employed defendant as a financial analyst. As part of this relationship, plaintiff sponsored defendant for an H1-B visa, and withdrew the costs of the visa from defendant's paycheck. Defendant started a separate lending business while defendant was still employed by plaintiff. Plaintiff apparently discovered the existence of this business, fired defendant, and sued her for misappropriation of trade secrets, breach of duty of loyalty, unfair competition, and intentional interference with prospective economic advantage. In response, defendant cross-complained against plaintiff and its principals, alleging various wage-and-hour and employment claims, including unpaid wages and failure to pay overtime due to misclassification as an exempt employee.

The matter was tried before Judge Geoffrey T. Glass. Judge Glass found plaintiff largely failed to prove its claims, by failing to prove defendant engaged in certain alleged wrongful conduct, failing to prove it owned any protectable trade secrets, and failing to demonstrate any damages, as the new company formed by defendant never made any money. The trial court did find defendant had attempted to compete with plaintiff while still employed by plaintiff, violating her duty of loyalty. The only damages, though, were $32.80, representing the cost to obtain two credit reports using plaintiff's account with a third party vendor.

2

On defendant's cross-complaint, the trial court found defendant was misclassified for a short period while employed by plaintiff, but defendant failed to establish credible estimates that would support a calculation of overtime hours incurred. The court also found plaintiff improperly withheld the cost of defendant's visa from her paycheck, and awarded that cost to defendant, along with waiting penalties, for a total award of $8,691.30. The trial court declared defendant the prevailing party. On June 13, 2019, the trial court entered judgment with the attorney fee and cost issues yet to be resolved.

Defendant then sought her attorney fees and costs via motion, arguing her fees and costs were recoverable under certain Labor Code provisions. Plaintiff opposed defendant's motion, which was heard by Judge Ronald L. Bauer. On September 3, 2019, the court granted defendant's motion and awarded reduced amounts of both fees and costs: $124,302.00 in fees and $17,222.74 in costs.

A few months later, a dispute arose over satisfaction of the judgment. While the record is not entirely clear and omits most of the documents that relate to these issues, it appears plaintiff sought to satisfy the judgment by paying the principal amount plus interest to defendant, excluding the attorney fees and costs. When defendant refused, plaintiff apparently filed a motion to have the judgment deemed satisfied. In response, defendant sought to have the judgment amended to expressly include the attorney fee and cost amounts. The trial court entered an amended judgment including these amounts on February 26, 2020.

On March 5, 2020, plaintiff filed a notice of appeal from the February 26, 2020 amended judgment.

After the close of briefing in this court, we ordered the parties to submit supplemental briefs addressing the timeliness of plaintiff's appeal under California Rules of Court, rule 8.104(a)(1)(C) and *Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222 (*Torres*).

3

# DISCUSSION

"Unless otherwise provided by law, a notice of appeal must be filed on or before the earliest of three dates: (1) 60 days after the court clerk serves a notice of entry of judgment or a file-stamped copy of the judgment on the appealing party, (2) 60 days after the appealing party serves or is served by the opposing party with a notice of entry of judgment, or (3) 180 days after entry of judgment. (Cal Rules of Court, rule 8.104(a).) 'If a notice of appeal is filed late, the reviewing court must dismiss the appeal.'" (*Torres, supra*, 154 Cal.App.4th at pp. 221-222.) "'The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal.'" (*In re J.A.* (2019) 43 Cal.App.5th 49, 54.) """"If it appears that the appeal was not taken within the [required] period, the court has no discretion but must dismiss the appeal *of its own motion even if no objection is made*."""" (*Ibid.*)

"It is well settled . . . that '[w]here the judgment is modified merely to add costs, attorney fees and interest, the original judgment is not substantially changed and the time to appeal it is therefore not affected.'" (*Torres, supra*, 154 Cal.App.4th at p. 222.) "'When a party wishes to challenge both a final judgment *and* a postjudgment costs/attorney fee order, the normal procedure is to file *two separate appeals:* one from the final judgment, and a second from the postjudgment order.'" (*Ibid.*)

Here, the relevant events and dates are these: the original judgment was entered June 13, 2019, the attorney fee and cost order was entered on September 3, 2019, the amended judgment was entered February 26, 2020, and plaintiff's notice of appeal was filed March 5, 2020. The record does not contain a notice of entry of judgment or proof of service for either the original judgment or the attorney fee and cost order; accordingly, we apply the backstop rule of 180 days from entry of the judgment or order under California Rules of Court, rule 8.104(a)(1)(C).

March 5, 2020 is 266 days after June 13, 2019 and 184 days after September 3, 2019. Plaintiff's appeal is thus untimely as to both the judgment and the

4

attorney fee and cost order.  The February 26, 2020 amended judgment merely added costs and attorney fees to the original judgment, and therefore did not extend the time to appeal from the original judgment.  Consequently, we are without jurisdiction to entertain plaintiff's appeal and must dismiss it.

## DISPOSITION

The appeal is dismissed.

Defendant shall recover costs on appeal.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.