Filed 7/10/23  Raimova v. West Coast Towing Services CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RUHANGIZ RAIMOVA et al., | |
| Plaintiffs and Appellants, | G061524 |
| v. | (Super. Ct. No. 30-2015-00797946) |
| WEST COAST TOWING SERVICES, INC., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Walter P. Schwarm, Judge.  Affirmed.

Ruhangiz Raimova and Esmail Ghane in pro per., for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

\*          \*          \*

This is our fourth opinion arising from plaintiffs Ruhangiz Raimova and Esmail Ghane's lawsuit for conversion against West Coast Towing Services, Inc. (West Coast) and Clear Choice Lien Services Inc. (Clear Choice).  As we summarized in our prior opinion, "Plaintiffs' . . . vehicle was stolen, recovered, and then stored on defendant [West Coast's] facility.  After the vehicle had been there 43 days, West Coast sold the vehicle [for $750].  Plaintiffs brought the underlying suit for conversion, claiming West Coast and defendant Clear Choice . . . , illegally sold the vehicle without notifying them." (*Raimova v. West Coast Towing Services Inc.* (Mar. 26, 2021, G058280, G058431) [nonpub. opn.] (*Raimova III*).)  The trial court entered summary judgment against plaintiffs, which, in *Raimova III*, we affirmed.  We also affirmed an earlier order in which the court had permitted Raimova to amend her complaint to add Ghane as a plaintiff, but only upon the condition that Raimova pay approximately $6,500 to Clear Choice.  This remarkable condition had a remarkable impetus:  Ghane had been masquerading as Raimova for the entire two years of litigation, and only on the eve of trial was it revealed that the man everyone thought was the plaintiff was, in fact, not the plaintiff.  His wife was the plaintiff.  This rendered various hearings that Clear Choice had attended futile because the true plaintiff had not been in attendance.  The $6,500 was meant to compensate Clear Choice for its losses.

Which brings us to this appeal, described by plaintiffs as follows:  "This is an appeal from an Illegal Order of 6//14/22 granting $4,317.95 costs to Farahnaz Gorjiyan president of illegal suspended West Coast Towing Services Inc. & granting $1,436.46 cost to Clear Choice Lien Service Inc. despite Plfs' objections [citations] & granting $6,519.29 sanctions to Mr. Ross Stucker/Ccls which had to be paid & was paid by Apts/Plfs [citation] and appeal from final summary judgement on 10-04-2019 [citation] and various other judgments including CPC 170.6s from 12-17-2018 [citation]; 10-30-2017 CCP 170.6 [citation]**;** 03-22-2018 [citation]; 12-17-2018 [citation]

2

continuously in a civil action filed on 7-13-2015 [citation] in the superior court in Orange County Central Justice Center."

Most of those orders are not appealable. As we explained in our prior unpublished opinion in *Raimova v. West Coast Towing Services* (March 14, 2017, G053020) (*Raimova I*), an order denying a peremptory challenge under Code of Civil Procedure section 170.6 is not appealable. In *Raimova I* we dismissed plaintiffs' appeal from such orders. Moreover, the summary judgment, as well as the $6,500 in "sanctions" were the subject of *Raimova III* and are, therefore, final. We will dismiss the appeal from those judgments and orders.

This leaves the award of costs, which is an appealable judgment. (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222.) After the judgment in this case was entered, Clear Choice filed a memorandum of costs in the amount of $1,436.46, which was comprised of $845 in filing fees, and $591.46 in fees for electronic filing or service. West Coast Towing Services, Inc. (West Coast), and its owner Farahnaz Gorjiyan, filed a memorandum of costs in the amount of $4,400.45, comprised of $2,585 in filing and motion fees, $369 in deposition costs, $708 in service of process costs, $82.50 in photocopies/models, and $655.95 in fees for electronic filing or service.

Plaintiffs challenged Clear Choice's and West Coast's costs with motions to strike/tax costs in which plaintiffs' principal challenge to the filing fees was that the entire lawsuit was defendants' fault so plaintiffs should not have to pay anything. They also argued that several of defendants' filings were unnecessary.

The court granted the motion to tax West Coast's costs in part—specifically, the $82.50 in models/photocopies were deemed nonrecoverable. The remainder of the costs for both parties were allowed. On June 14, 2022, the court entered a costs judgment. Plaintiffs appealed. We review a court's order granting costs for abuse of discretion. (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 485.)

3

In their brief, plaintiffs made no attempt to even set forth the foregoing facts in a coherent manner, much less to level any cognizable argument against the court's ruling. The entirety of their brief is a lengthy and convoluted denunciation of the judge, the attorneys, and various rulings that are not properly part of this appeal. Indeed, we cannot discern any arguments whatsoever regarding the specific costs at issue in this appeal. Accordingly, the appeal from the award of costs is waived. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522-523 ["'The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment. . . . [E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration'"].)

## DISPOSITION

The award of costs to West Coast/Farahnaz Gorjiyan and Clear Choice as set forth in the judgment dated June 14, 2022, is affirmed. As to all other orders listed in the notice of appeal and appellants' opening brief, the appeal is dismissed. No appellate costs are awarded because respondents made no appearance in this appeal.


SANCHEZ, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

4