Filed 1/3/24  Crokin v. Primrose CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ELIZABETH MARY CROKIN, | |
| Plaintiff and Appellant, | G061959 |
| v. | (Super. Ct. No. 30-2018-01039553) |
| DREW PRIMROSE et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Craig L. Griffin, Judge.  Dismissed.

The Medler Law Firm and John F. Medler, Jr., for Plaintiff and Appellant.

Clark Hill, David L. Brandon; Wolfe & Wyman and Jason D. Hunter for Defendants and Respondents.

Elizabeth Mary Crokin suffered personal injuries and appeals from the trial court's judgment entered after a jury trial. She challenges pretrial grants of summary adjudication and the denial of a posttrial motion. We dismiss the appeal as untimely.

FACTS

In 2018, Crokin suffered personal injuries after signing a liability waiver form. She filed her lawsuit in this matter and, in 2020, based on an enforcement of the waiver form, the trial court granted two summary adjudications in favor of Drew Primrose and others (collectively, defendants), against Crokin's claims of ordinary negligence.

Crokin's remaining causes of action (including gross negligence and negligence per se) proceeded to a trial where the jury found in favor of defendants. Judgment was entered and a notice of its entry was mailed to Crokin by the trial court clerk in July 2022 (all dates without mention of the year will refer to 2022).

Crokin filed a "motion to vacate the judgment/verdict and for new trial" (capitalization omitted; the new trial motion). The trial court denied it and, on September 13, Crokin was served with a copy of the denial order attached to a notice of entry of the order. Forty-one days later, on October 24, Crokin filed her notice of appeal. Two weeks before, on October 13, the court had entered an amended judgment that awarded prevailing party costs against her.

DISCUSSION

The time limit governing Crokin's notice of appeal is within "60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served." (Cal. Rules of Court, rule 8.104(a)(1)(A).) Extensions of this deadline based on a motion for new trial or motion to vacate judgment are both governed by the same rule: the notice of appeal must be filed within "30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that

2

order." (Cal. Rules of Court, rule 8.108(b)(1)(A) [motion for new trial] & (c)(1) [motion to vacate judgment].)

Applied to the above rules, two principles are dispositive for this appeal. First, we lack jurisdiction to entertain untimely appeals. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 666-667 (*Hollister*).) Second, although an amendment to a judgment that qualifies as "substantial" resets a deadline to appeal (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504 (*Dakota Payphone*)), "[i]t is well settled . . . that '[w]here the judgment is modified merely to add costs, attorney fees and interest, the original judgment is not substantially changed and the time to appeal it is therefore not affected' [citation]" (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222 (*Torres*)).

Crokin's appeal was untimely because (1) the trial court's amended judgment only added an award of costs, (2) the award is not challenged on appeal, and (3) it is undisputed Crokin's notice of appeal was filed more than 30 days after she was served with a notice of entry of order regarding the new trial motion. We therefore lack jurisdiction to entertain the appeal. (*Hollister, supra*, 15 Cal.3d at pp. 666-667.)

Crokin argues the amended judgment—i.e., that awarded costs—reset her deadline to appeal the original judgment. She cites to a split between appellate opinions on whether the nature of a judgment amendment as clerical or nonclerical should play a role in resetting an appeal deadline. (Compare *Stone v. Regents of University of California* (1999) 77 Cal.App.4th 736, 744 (*Stone*) ["Changes which correct errors, mistakes and omissions made through inadvertence, but do not involve the exercise of the judicial function, are considered corrections of clerical errors that leave the original judgment intact"] with *Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 765 (*Sanchez*) ["the question of clerical error versus judicial error does not resolve the issue whether a substantial [change in the judgment] occurred"].)

3

The split makes no difference for Crokin because here there is no question about whether a clerical or nonclerical amendment occurred.  Accordingly, Crokin's argument is simply that the addition-of-costs amendment should qualify as a substantial change to the original judgment for the purposes of resetting her deadline to appeal.

We decline to disturb uniform case law on whether an addition of costs should reset a deadline to appeal from an original judgment.  (*Torres, supra*, 154 Cal.App.4th at p. 222; cf. *Dakota Payphone, supra*, 192 Cal.App.4th at pp. 504-505.) Given the cost award was a separately appealable order in this matter (Code Civ. Proc., § 904.1, subd. (a)(2) [order made after appealable judgment]), the underlying rationales for denying a reset remain sound.  "'[I]f a party can obtain the desired relief from a judgment before it is amended, he must act—appeal therefrom—within the time allowed after its entry.'"  (*Stone, supra*, 77 Cal.App.4th at p. 744.)  And "'it makes sense to conclude that a separately appealable order . . . does not substantially modify the [earlier] judgment . . . [because a]ny problem the parties might have with the amendment can be pursued through a separate appeal . . . .' [Citation.]"  (*Sanchez, supra*, 200 Cal.App.4th at p. 765.)

## DISPOSITION

Crokin's appeal from the trial court's judgment is dismissed as untimely.

Respondents shall recover their costs on appeal.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


DELANEY, J.