Filed 4/9/26  Lee v. Access Services CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BRENDA LEE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ACCESS SERVICES, et al.,<br><br>    Defendants and Respondents. | B345522<br><br>(Los Angeles County Super. Ct. No. 21STCV38404) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Lee S. Arian, Judge.  Dismissed.

Law Office of Gil L. Arbel, Gil L. Arbel, for Plaintiff and Appellant.

McCune & Harber, Joseph W. Cheung, for Defendants and Respondents.

# I.    INTRODUCTION

Plaintiff Brenda Lee appeals from an amended judgment adding costs to the original judgment.  She contends the trial court erred when it entered the underlying order granting summary judgment in favor of defendants Access Services and MV Transportation, Inc.  Because her notice of appeal purporting to challenge the summary judgment order was untimely, we dismiss the appeal.

# II.    PROCEDURAL BACKGROUND

## A.    *Original Judgment and First Appeal*

On October 19, 2021, plaintiff filed a complaint against defendants and three governmental entities asserting one cause of action for negligence based on injuries she allegedly sustained while boarding an Access Services van for disabled persons.

On November 20, 2024, the trial court granted defendants' summary judgment motion.

On December 2, 2024, the trial court entered a judgment of dismissal based on the summary judgment order.  That judgment dismissed the action in favor of defendants and provided that they were prevailing parties entitled to an award of recoverable costs.  The clerk served a notice of entry of judgment on December 3, 2024.  The notice of appeal from the original judgment was therefore due within 60 days, or on or before February 1, 2025.  (Cal. Rules of Court, rule 8.104(a)(1)(A).)[1]

---

[1]    All further rules references are to the California Rules of Court.

On January 15, 2025, defendants filed their memorandum of costs requesting an award in the amount of $43,298.74.

On January 21, 2025, within 60 days of the notice of entry of judgment, plaintiff filed a notice of appeal from the judgment (first appeal). That first appeal was assigned case number B344026.[2]

B.    *Amended Judgment*

On February 13, 2025, the trial court filed an amended judgment which referenced and attached the November 20, 2024, order granting summary judgment and provided that "the December 2, 2024[,] judgment entered in [defendants'] favor against [plaintiff] is amended to grant [defendants] $43,298.74 in costs against [plaintiff]." Defendants served a notice of entry of the amended judgment that same day.

C.    *Dismissal of First Appeal*

On March 13, 2025, this court entered and served a dismissal of the first appeal pursuant to rule 8.100(c). The dismissal notified plaintiff that "[t]his order becomes final in 30 days and thereafter is not subject to rehearing or modification. This time cannot be extended ([R]ule 8.264(b)(1)). Any party desiring reinstatement must file a motion within 15 days of the date of this order." Plaintiff did not file a motion to reinstate the appeal and on June 6, 2025, the clerk issued a remittitur in the first appeal.

_____

[2]    Plaintiff's January 21, 2025, notice of appeal was received and lodged by this court on February 14, 2025.

3

D.	*Second Appeal*

On April 4, 2025, plaintiff filed a notice of appeal (the second appeal) "from the [a]mended [j]udgment entered on February 13, 2025, in favor of [d]efendants . . . and against [p]laintiff, which dismissed [p]laintiff's action on summary judgment and awarded costs to [d]efendants. [¶] Plaintiff also appeals from the original judgment entered on December 3, [*sic*] 2024, and all intermediate rulings, orders, and decisions that led to the dismissal of this action." That second appeal was assigned case number B345522 and is the current pending appeal.

E.	*Dismissal Motion*

After defendants filed their respondents' brief, they filed a motion to dismiss the second appeal, arguing that the April 4, 2025, notice of appeal purporting to challenge the trial court's December 2, 2024, judgment of dismissal was untimely as it was filed more than 60 days after the clerk mailed notice of entry of that judgment.

Plaintiff opposed the motion contending that she filed a notice of appeal from the original judgment on January 21, 2025, timely invoking this court's jurisdiction and that, after the trial court entered the amended judgment on February 13, 2025, she filed a second notice of appeal on April 4, 2025, "as a protective measure to ensure inclusion of the amended judgment and cost award." (Emphasis omitted.) According to plaintiff, "that second notice did not nullify, supersede, or retroactively invalidate the earlier timely notice."

4

## III. DISCUSSION

"Jurisdiction of the Court of Appeal is limited in scope to the notice of appeal and the judgment appealed from." (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504 (*Dakota*).) "'If a judgment or order is appealable, an aggrieved party *must* file a *timely* appeal or forever *lose* the opportunity to obtain appellate review.' [Citations.]" (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46.) "If the appeal is untimely, this court has no jurisdiction to consider it, and it must be dismissed. ([R]ule 8.104(b); [Citations].)" (*Dakota*, *supra*, 192 Cal.App.4th at p. 504.)

Here, after plaintiff's first appeal was dismissed on March 13, 2025, she filed a second notice of appeal from the amended judgment. It is that second notice and judgment which define and limit the scope of this appeal. Contrary to plaintiff's contention, "'[w]here the judgment is modified merely to add costs, attorney fees and interest, the original judgment is not substantially changed and the time to appeal it is therefore not affected.' [Citations.] 'When a party wishes to challenge both a final judgment *and* a postjudgment costs/attorney fee order, the normal procedure is to file *two separate appeals*: one from the final judgment, and a second from the postjudgment order.' [Citation.]" (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222 (*Torres*).)

We conclude that the second appeal, to the extent it seeks to raise a challenge to the merits of the trial court's ruling on the summary judgment motion,[3] is untimely. The judgment

---

[3] Plaintiff's briefs in the second appeal raise only challenges to the merits of the summary judgment order; she does not

5

dismissing the action based on that ruling was entered on December 2, 2024, and the trial court served a notice of entry of that judgment the next day. That notice triggered the 60-day period in which plaintiff was required to file her notice of appeal under rule 8.104(a)(1)(A). Although plaintiff initially filed a notice of appeal within that time period, that first appeal was subsequently dismissed for failure to timely prosecute and this court was, at that point, divested of jurisdiction to consider the merits of the summary judgment order. Therefore, the second notice of appeal, which was filed well beyond the 60-day limit, was ineffective to reinvest this court with the necessary jurisdiction to act on the summary judgment order.

Although plaintiff acknowledges her first appeal was dismissed *after* the 60-day limit had lapsed, she does not address the effect of that dismissal on the timeliness issue, asserting only that her first appeal was timely when filed. To the extent she is suggesting that the initial filing of that appeal somehow tolled or extended the running of the 60-day period, she provides no authority in support of that proposition. And, based on the reasoning in *Torres*, *supra*, 154 Cal.App.4th 214, we would reject any such argument.

---

challenge the merits of the post-judgment order granting fees and costs.

## IV. DISPOSITION

The appeal is dismissed. Defendants are awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

7