**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

February 26, 2024

Peter J. Walsh, Jr.
Nicholas D. Mozal
Eric J. Nascone
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19801

Thad Bracegirdle
Bayard, P.A.
600 N. King Street, Suite 400
Wilmington, DE 19899

> Re:  *David Goldman v. LBG Real Estate Companies, LLC*
> C.A. No. 2023-0426-KSJM

Dear Counsel:

This letter resolves Defendant LBG Real Estate Companies, LLC ("LBG")'s Rule 59(f) motion seeking partial reargument of my November 27, 2023 Ruling on the parties' cross-motions for summary judgment.[1]

Under Court of Chancery Rule 59(f), "[t]he Court will deny a motion for reargument 'unless the Court has overlooked a decision or principle of law that would have a controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision would be affected.'"[2]  If a motion for reargument "merely rehashes arguments already made by the parties and considered by the Court" in

---

[1] Dkt. 32 ("Mot.").

[2] *Nguyen v. View, Inc.*, 2017 WL 3169051, at \*2 (Del. Ch. July 26, 2017) (quoting *Stein v. Orloff*, 1985 WL 21136, at \*2 (Del. Ch. Sept. 26, 1985)).

rendering the decision for which reargument is sought, the motion must be denied.[3]

On a motion for reargument, the movant bears a "heavy burden[.]" [4]

LBG argues that I erred by awarding Plaintiff David Goldman fees-on-fees proportionate to his degree of success.[5]  California law and the LBG LLC agreement govern Goldman's right to fees-on-fees.  California courts follow Delaware law as to advancement issues "[i]n the absence of guidance from California courts[.]"[6]  And Delaware law authorizes fees-on-fees proportionate to an advancement claimant's degree of success.[7]  Therefore, I ordered fees-on-fees proportionate to Goldman's degree of success.

---

[3] *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016) (citation omitted).

[4] *In re ML/EQ Real Est. P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000).

[5] Mot. ¶¶ 1, 4.

[6] *Allergia, Inc. v. Bouboulis*, 229 F.Supp.3d 1150, 1156 n.3 (S.D. Cal. 2017) ("In the absence of clear guidance from California courts, the [United States District Court for the Southern District of California, applying California law,] finds Delaware law on advancement particularly persuasive because of the depth of its experience with corporate governance issues[.]" (citations omitted)); *see also Oakland Raiders v. Nat'l Football League*, 113 Cal.Rptr.2d 255, 266 n.5 (Cal. Ct. App. 2001) (applying Delaware law and noting "[t]he parties agree that we may properly rely on corporate law developed in the State of Delaware given that it is identical to California corporate law for all practical purposes" (citation omitted)).

[7] *See Marino v. Patriot Rail Co.*, 131 A.3d 325, 349 (Del. Ch. 2016) ("Because Marino succeeded in part on the merits of his claim for advancements, he is entitled to an award of fees and expenses proportionate to his success." (citing 8 *Del. C.* § 145(c); *Stifel Fin. Corp. v. Cochran*, 809 A.2d 555, 561 (Del. 2002); *Fasciana v. Elec. Data Sys. Corp.*, 829 A.2d 178, 183 (Del. Ch. 2003)); *see also Zaman v. Amedeo Hldgs., Inc.*, 2008 WL 2168397, at *39 (Del. Ch. May 23, 2008) ("[T]his court has held that plaintiffs who are only partially successful shall receive fees on fees reflecting the extent of their success, and has made clear that the determination of the level of success is a nonscientific inquiry that simply involves a reasoned consideration of the

LBG argues that California law does not permit proportionate fees-on-fees unless expressly authorized in the agreement at issue.[8] In briefing, LBG relies on two California cases: *Patch v. Hanley* and *Otis Elevator Co. v. Toda Construction*.[9] But both cases involved indemnification. Neither dealt with advancement. Based on the authorities cited to me, therefore, California law is not as clear as LBG argues. The motion for reargument is denied.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:    All counsel of record (by *File & ServeXpress*)

---

issues at stake in the case and an assessment of the plaintiffs' level of success." (citation omitted)).

[8] Mot. ¶ 3.

[9] Dkt. 14 at 47–48 (citing *Patch v. Hanley*, 2002 WL 31647908, at *10 (Cal. Ct. App. Nov. 22, 2002) ("Since the indemnity agreement at issue here did not explicitly provide for attorney fees incurred in pursuing an indemnity claim, the indemnitee was not entitled to them." (internal quotation marks and citations omitted)); *Otis Elevator Co. v. Toda Construction*, 32 Cal.Rptr.2d 404, 406–07 (Cal. Ct. App. 1994) ("A provision including attorney fees as an item of loss in an indemnity clause is not a provision for attorney fees in an action to enforce the contract." (internal quotation marks and citations omitted))).